Itara v Masaryk Towers Corp. (2022 NY Slip Op 07295)

Itara v Masaryk Towers Corp.

2022 NY Slip Op 07295

Decided on December 22, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 22, 2022

Before: Webber, J.P., Friedman, Gesmer, Shulman, Rodriguez, JJ. 

Index No. 152948/20 Appeal No. 16962 Case No. 2021-04787 

[*1]Joseph Itara et al., Plaintiffs-Respondents,
v
Masaryk Towers Corporation Doing Business as Masaryk Towers Management, Defendant-Appellant, Metro Management & Development Inc., Also Known as Metro Management Devel., Inc., Defendant.
Masaryk Towers Corporation Doing Business as Masaryk Towers Management, Third-Party Plaintiff-Appellant,
v
Centennial Elevator Industries, Inc., Third-Party Defendant-Respondent.

Milber Makris Plousadis & Seiden, LLP, Woodbury (Lorin A. Donnelly of counsel), for appellant.
Brand Brand Nomberg & Rosenbaum, LLP, New York (Brett J. Nomberg of counsel), for Joseph Itara and Tabetha Itara, respondents.
Kaufman Dolowich Voluck, LLP, White Plains (Alexandra L. Robbins of counsel), for Centennial Elevator Industries, Inc., respondent.

Order, Supreme Court, New York County (William Perry, J.), entered on or about December 6, 2021, which, to the extent appealed from as limited by the briefs, granted third-party defendant's motion to dismiss the third-party complaint, unanimously modified, on the law, to deny the motion as to the claim for contractual indemnification, and otherwise affirmed, without costs.
Plaintiff, an employee of third-party defendant (Centennial), alleged that he was performing elevator repair work at a building owned by defendant/third-party plaintiff (Masaryk) when a rusted step of the metal staircase that he was ascending to access the elevator motor room on the building's rooftop collapsed, causing him to fall and sustain injuries.
The court correctly dismissed Masaryk's third-party claims for contribution and common-law indemnification because plaintiff's bill of particulars and deposition testimony indicated that he did not sustain a "grave injury" under Workers' Compensation Law § 11, and Masaryk failed to raise an issue of fact (see Rubeis v Aqua Club, Inc., 3 NY3d 408, 415 [2004]; National Union Fire Ins. Co. of Pittsburgh, PA v 221-223 W. 82 Owners Corp., 120 AD3d 1140, 1140-1141 [1st Dept 2014]).
The claim for contractual indemnification, however, should not have been dismissed. The accident arose out of Centennial's work. Further, General Obligations Law § 5-322.1(1) does not bar Masaryk from seeking contractual indemnification from Centennial proportional to the fault for the accident, if any, attributable to Centennial's employees, including plaintiff.
Masaryk's claim for breach of contract for failure to procure insurance was correctly dismissed in view of documentary evidence establishing that Centennial
obtained appropriate insurance (CPLR 3211[a][1]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2022